UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

**TREMAINE HOLMES**,

                Petitioner,

– against –

**SUPERINTENDANT MARK MILLER**,

                Respondent.

----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-CV-2769 (AMD)

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the *pro se* petitioner's motion to vacate the order denying his petition for habeas corpus. (ECF No. 14.)

## BACKGROUND

I assume the parties' familiarity with the facts and the record of the prior proceedings and incorporate them from my prior order. (ECF No. 12.) I summarize the facts only to the extent necessary to decide the petitioner's Rule 60(b) motion.

The petitioner was arrested and charged with murder, attempted murder, criminal possession of a weapon in the second degree, attempted assault in the first degree and assault in the second degree. (ECF No. 8 at 2.) On December 1, 2015, the petitioner went to trial before the Honorable Vincent Del Giudice and a jury. (ECF No. 8-1 at 263). The trial court admitted the victim's autopsy report as a business record and permitted Dr. Stahl-Herz of the Office of Chief Medical Examiner, who did not conduct the autopsy, to testify about the findings in the

autopsy report.  (State Court Record ("SCR") at 299-300.)  Defense counsel objected to the doctor's testimony on hearsay grounds, citing *Crawford v. Washington*.[1]  (*Id*. at 301.)

The petitioner, represented by counsel, did not raise a Confrontation Clause claim on direct appeal to the Appellate Division, Second Department,[2] (ECF No. 8-2,) and the Appellate Division unanimously affirmed the conviction.  *People v. Holmes*, 167 A.D.3d 1039 (2d Dep't 2018).  On March 25, 2019, the Court of Appeals denied the petitioner's application for leave to appeal.  *People v. Holmes*, 33 N.Y.3d 949 (2019).

On June 23, 2020, the petitioner filed this petition under 28 U.S.C. § 2254, raising the same claims that he raised on appeal.  In 2021, while the petition was pending, the Second Circuit decided *Garlick v. Lee*, 1 F.4th 122 (2d Cir. 2021) *cert. denied*, 142 S. Ct. 1189 (2022), in which it held that "[e]ven if a forensic report contains only 'a contemporaneous, objective account of observable facts' that does not accuse a defendant [] it is testimonial and the Confrontation Clause requires that the defendant be afforded the opportunity to cross-examine the declarant."  *Id*. at 135 (quoting *People v. John*, 27 N.Y.3d 294, 315 (2016)) (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 318-21 (2009)).  The court rejected the First Department's ruling that Garlick's right of confrontation was not violated because the report "did not link the commission of the crime to a particular person and therefore was not testimonial" as contradicting clearly established Supreme Court precedent in *Melendez-Diaz v. Massachusetts*.

---

[1] The Confrontation Clause bars testimonial out-of-court statements unless the declarant is unavailable and defendant had prior opportunity to cross-examine the declarant.  *Crawford v. Washington*, 541 U.S. 36 (2004).

[2] As discussed in my prior order, the defendant argued that the prosecutor improperly vouched for the witness's credibility, and that the court should have given an expanded identification charge.  (ECF No. 1 at 1-2.)

*Id*. at 127 (quotations and citations omitted).  In addition, the Second Circuit found that the state law precedent[3] upon which the First Division relied was inconsistent with *Melendez-Diaz*.

On May 17, 2022, I denied the petition in its entirety.  (ECF No. 12.)  Two months later, on July 18th, the petitioner moved for reconsideration pursuant to Federal Rule 60(b) of Civil Procedure.  He argues that the Second Circuit's decision in *Garlick* warrants reconsideration of his habeas petition.  In the alternative, the petitioner asks to stay this action so that he may exhaust his Confrontation Clause claim in state court.  (ECF No. 14.)

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure permits district courts to relieve parties from judgments and orders under specific circumstances.  Fed. R. Civ. P. 60(b). Although Rule 60(b) applies to habeas proceedings, a petitioner cannot use it "to avoid the restriction on second or successive habeas corpus petitions," and district courts have "the obligation to characterize the request for relief properly, regardless of the label that the petitioner applies."  *Dent v. United States*, No. 09-CV-1938, 2013 WL 2302044, at *2 (E.D.N.Y. May 24, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005)).

"A Rule 60(b) motion has a 'different objective[]' than a habeas petition."  *Carbone v. Cunningham*, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001)).  Specifically, habeas "petitions seek to invalidate an underlying criminal conviction, whereas Rule 60(b) motions only seek to vacate a judgment, such as a judgment dismissing a habeas petition."  *Ackridge v. Barkley*, No. 06-CV-3891, 2008 WL 4555251, at *5 (S.D.N.Y. Oct. 7, 2008) (citation omitted).  "A motion that 'seeks to add a new ground for relief' or that 'attacks the federal court's previous resolution of a claim on the merits'

---

[3] *People v. Freycinet*, 11 N.Y.3d 38 (2008), and its progeny, *People v. John*, 27 N.Y.3d 294 (2016), and *People v. Acevedo*, 112 A.D.3d 454 (N.Y. App. Div. 1st Dep't 2013).

3

can only be raised in a successive habeas petition . . ." *United States v. Spigelman*, No. 05-CR-960, 2017 WL 2275022, at *3 (S.D.N.Y. May 24, 2017) (quoting *Gonzalez*, 545 U.S. at 532) (emphasis omitted). By contrast, a Rule 60(b) motion is a vehicle to identify "some defect in the integrity of the federal habeas proceedings." *Id.* Examples of proper Rule 60(b) motions include arguments that a district court erroneously avoided deciding the merits of a claim for reasons such as "failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4. When a Rule 60(b) motion instead asserts a "federal basis for relief from a state court's conviction, it is 'in substance a successive habeas petition and should be treated accordingly.'" *Hamilton v. Lee*, 188 F. Supp. 3d 221, 239 (E.D.N.Y. 2016) (quoting *Gonzalez*, 545 U.S. at 531).

"Under the Antiterrorism and Effective Death Penalty Act ('AEDPA'), successive federal *habeas* petitions requesting relief from a conviction in state court must satisfy strict requirements before a district court can adjudicate them on the merits." *Hamilton*, 188 F. Supp. 3d at 239 (citing 28 U.S.C. § 2244(b)). Specifically, before a district court may even entertain a successive habeas petition, the Second Circuit must certify that the petition (1) does not raise a "claim that has already been adjudicated in a previous petition" and (2) that it "relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez*, 545 U.S. at 529-30 (citing 28 U.S.C. §§ 2244(b)(1)-(2)). "Absent authorization from the Second Circuit," district courts "lack[] jurisdiction to consider a successive habeas petition." *Sterling v. Kuhlman*, No. 97-CV-2825, 2006 WL 177404, at *2 (S.D.N.Y. Jan. 25, 2006) (citing *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003)).

## DISCUSSION

The Clerk entered judgment dismissing the petitioner's habeas petition on May 18, 2022. The petitioner's filed his Rule 60(b) motion two months later. In this district, motions for

reconsideration are governed by Local Civil Rule 6.3, which requires a motion for reconsideration to be served within 14 days after the entry of judgment. The petitioner asks that the Court "waive[]" the timeliness requirement, because of "institutional movement" at the correctional facility and because he had no access to the law library. Even ignoring Rule 60(b)'s timeliness provisions, I must deny the motion for reconsideration.

In claiming that Dr. Stahl-Herz's testimony violated the Confrontation Clause, the petitioner is challenging his state court conviction. Even if I construe the petitioner's claim as an ineffective assistance of appellate counsel claim based on counsel's failure to challenge the doctor's testimony on direct appeal, the motion must be denied, because the petitioner is not casting doubt on the integrity of the federal habeas proceeding. *See, e.g.*, *United States v. Al-Khabbaz*, No. 04-CR-1379, 2017 WL 7693368, at *2 (S.D.N.Y. Dec. 18, 2017) ("Defendant raised four different reasons why his attorneys were ineffective [in his initial petition]. Thus, Defendant is not challenging the integrity of his first habeas proceeding because his present ground for relief—counsel's supposed failure to advise him of the risks of deportation—was never raised in that first proceeding."); *James v. United States*, 603 F. Supp. 2d 472, 482 (E.D.N.Y. 2009) ("[A]llegations of ineffective assistance of . . . counsel attack the underlying conviction rather than the integrity of the habeas proceedings.") (citation omitted); *Barnes v. Burge*, No. 03-CV-1475, 2009 WL 612323, at *2 (E.D.N.Y. Mar. 9, 2009) (converting Rule 60(b) motion into successive habeas petition where petitioner previously claimed ineffective assistance of counsel on one ground but later filed a Rule 60(b) motion alleging two other grounds); *Abu Mezer v. United States*, No. 01-CV-2525, 2005 WL 1861173, at *2 (E.D.N.Y. July 27, 2005) (Rule 60(b) motion improper because "it seeks to attack the underlying criminal conviction (based on . . . ineffective . . . counsel) rather than the integrity of the original habeas

5

proceeding"). The petitioner's habeas petition was premised on entirely different grounds: that the prosecutor improperly vouched for a witness's credibility, and that the court should have given an expanded identification charge. (ECF No. 1 at 1-2.) Thus, the petitioner's motion is a successive habeas petition and must be denied as outside the scope of Rule 60(b).

When presented with a successive habeas petition styled as a Rule 60(b) motion, the district court has "two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004) (citation omitted).

Because it does not appear that the petitioner has exhausted his state court remedies on his Confrontation Clause claim, I deny the motion as beyond the scope of Rule 60(b) rather than transfer it to the Second Circuit. *See Davis v. New York*, No. 07-CV-9265, 2017 WL 5157458, at *3 (S.D.N.Y. Nov. 6, 2017) ("The Second Circuit suggests that a district court should give a prisoner notice before transferring a Rule 60(b) motion to the Court of Appeals as a second or successive habeas petition in order that the prisoner be given an opportunity to withdraw or restyle the motion.") (citations omitted). Nothing in this decision precludes the petitioner from seeking relief in state court on the claim that his right of confrontation was violated by the introduction of the autopsy report through Dr. Stahl-Hertz.

## CONCLUSION

For the foregoing reasons, the petitioner's Rule 60(b) motion is denied.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       March 30, 2023